IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUNUNG HAN, | |
| Plaintiff, | 4:24CV3049 |
| vs. | |
| DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ORDER |
| Defendant. | |

This matter comes before the Court following a telephone conference held on May 9, 2024, regarding the parties' dispute concerning whether Plaintiff's litigation counsel, who is not the "G-28, Attorney of Record" in the administrative proceedings before the USCIS, should be required to sign a waiver in order to protect the Government from potential sanctions under 8 U.S.C. § 1367 for disclosing Plaintiff's information in this litigation. The Court concludes the waiver is not necessary in this case.

Plaintiff commenced this action related to the delay in the Government's processing of a U visa petition. The Immigration and Nationality Act of 1952 controls the immigration, naturalization, and exclusion of aliens. 8 U.S.C. § 1101 et. seq. Congress amended the Act in 1996 to add a provision that limits the disclosure of noncitizens' sensitive information. See *id.* § 1367. Section 1367 prohibits certain government employees from disclosing information about "an alien who is the beneficiary of an application" for a U visa, with eight enumerated exceptions. *Id.* § 1367(a)(2). Relevant to this case, one exception permits "disclosure of information in connection with judicial review of a determination in a manner that protects the confidentiality of such information." *Id.* § 1367(b)(3). To prevent disclosures of confidential information, the statute imposes penalties for willful disclosure: "Anyone who willfully uses, publishes, or permits information to be disclosed in violation of this section . . . shall be subject to appropriate disciplinary action and subject to a civil money penalty of not more than $5,000 for each such violation." *Id.* § 1367(c).

Based upon a recent case from the Sixth Circuit, *Patel v. Jaddou*, 92 F.4th 639, 641 (6th Cir. 2024), in cases where the plaintiff's federal litigation attorney is not also the "G-28, Attorney of Record" administratively before USCIS, the Government in this district has begun requesting § 1367 waivers from U visa lawsuit plaintiffs as a matter of course to have explicit documentation permitting the Government to provide relevant information to opposing counsel and the Court.

In *Patel*, a married couple sued Ur Jaddou, the Director of U.S. Citizenship and Immigration Services, for unreasonably delaying their U visa determinations. Two months later, the agency granted visas to the couple, prompting the Director to file a motion to dismiss their lawsuit as moot. In doing so, the Director attached an exhibit that verified that the agency had granted the couple's visa applications. The electronic filing restricted remote access to the exhibit only to the parties to the case; nevertheless, the Director contacted the district court and asked the case administrator to seal the exhibit the next day. The couple responded to the Director's motion to seal by seeking $20,000 in penalties under § 1367(c) for the Director's failure to seal the exhibit at the outset. *Patel*, 92 F.4th at 641. The couple's counsel in *Patel* also represents the plaintiff in the instant case.

Ultimately, the Sixth Circuit determined the Director's disclosure was not willful, and affirmed the district court's denial of the motion for sanctions. *Id.* at 642. But, the Sixth Circuit's decision has left the Director uncertain whether plaintiff's counsel in this case would similarly seek sanctions against the Director for not adequately protecting the plaintiff's information.

Rule 5.2(c) of the Federal Rules of Civil Procedure limits remote electronic access to the case file in immigration cases, providing only "the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record." Fed. R. Civ. P. 5.2(c). The Sixth Circuit in *Patel* noted that Rule 5.2(c)(2) "limits only remote access to the pleadings," but provides that "any non-party . . . may have electronic access to the full record at the courthouse." *Patel*, 92 F.4th at 641 (quoting Fed. R. Civ. P. 5.2(c)(2)). So, "While it may be doubtful that assailants from Arizona will make their way to a Kentucky federal courthouse (and perhaps more doubtful that criminals or their comrades will enter courthouses to facilitate new crimes), the fact remains that Civil Rule 5.2 does not clearly prohibit access to non-parties." *Id.*

In this district, however, filing documents under "restricted access" limits routine access to the parties of record and court users, both remotely *and* at the terminals in the clerk's office. See NECivR 5.3(c)(3) (filing a document under "restricted access" means "an entry noting the

restricted access appears on the public electronic docket sheet; however, only parties of record and court users may routinely access the document electronically. The public does not have remote access to the restricted document from the docket sheet. The court may grant the public leave for remote access upon motion."); NEGenR 1.3(a)(1)(B)(ii) (a restricted document "is restricted to case participants and court users. *Public access to these documents is not allowed at terminals in the clerk's office.*") (emphasis added).

In this case, there is a single Plaintiff, and all filings are made under restricted access, which limits access, both remotely and at the terminals in the clerk's office, to parties of record and court users. Plaintiff's counsel agreed on the record during the telephone conference that the Director's disclosure of Plaintiff's information in this judicial proceeding under restricted access adequately protects the confidentiality of the information. As such,

**IT IS ORDERED** that the Defendant's disclosure of information in connection with this judicial proceeding does not violate 8 U.S.C. § 1367.

Dated this 10th day of May, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge